## Country Belle Cooperative Farmers v. Pennsylvania Milk Control Commission

*Arnold V. Plum, Lawrence, Van Gorder, Bucey & Plum,* and *Robert A. Enders,* for appellant.

*Anthony W. Novasitis, Jr.,* Assistant Attorney General, Milk Marketing Board, for Commonwealth.

LIPSITT, J., May 12, 1969.—This is an appeal by Country Belle Cooperative Farmers (hereinafter called "Country Belle") from general order no. A-725 of the Milk Control Commission now known as the Milk Marketing Board of the Commonwealth of Pennsylvania (hereinafter called "board") regulating the price of milk and milk products in the Pittsburgh milk marketing area. In its petition, Country Belle confines its objection to the resale pricing provisions of the aforementioned order which relate to returnable, reusable containers.

The order provides for a 25 cent deposit on gallon and a 20 cent deposit on half-gallon returnable, reusable containers. The deposits are limited, however, to store sales and do not apply to retail home delivery

sales. The gallon returnable, reusable containers sell at five cents less than single service gallon containers. No special price was placed on half gallon or any other size returnable, reusable containers. Finally, the order provides that the words "Deposit Bottle" or "Deposit" shall be inscribed on the upper half of the container in letters not less than one-half inch in height.

General order no. A-725, effective August 19, 1968, followed a four-day hearing held in Pittsburgh in June of 1968.

Country Belle poses the question involved as whether sufficient, competent evidence was produced at the hearing to support the board's promulgation of the aforementioned provisions. The board, on the other hand, contends that its action, taken as the result of the general price hearing, was neither arbitrary nor unreasonable in establishing a specific price for a particular type and size of container among the many matters considered germane to the marketing of milk in the Pittsburgh area.

The crux of the argument advanced by Country Belle is contained in the guideline which this court set forth in City of Pittsburgh v. Milk Control Commission, 86 Dauph. 123 (1966), where it was stated, at page 129:

". . . it remains clear that before the Commission may promulgate, change or revise an official order fixing prices, it must hold a hearing at which sufficient competent evidence must be produced from which the Commission may make findings of fact in support of such prices."

In that case, no evidence was received relating directly to resale prices of milk, but testimony was limited to the raising of producers' prices and a proportionate adjustment was then made in the resale prices. It is appellant's position in this appeal that no

evidence whatever was produced on returnable, reusable containers and that the testimony dealt entirely with nonreturnable or single service containers and generally with the differences in costs between plastic and paper.

The board begins its course of reasoning by first pointing out the scope of inquiry into general orders of the board as prescribed by section 906 of the Milk Marketing Law of April 28, 1937, P. L. 417, as amended, 31 PS §700j-906, which reads, in relevant part, as follows:

"Upon any appeal the court shall determine whether or not the order appealed from is reasonable and in conformity with law. The appellant shall have the burden of proving that an order of the commission is unreasonable or illegal. If the court shall determine that the order is unreasonable or illegal, it shall remit the case to the commission with directions to reform the findings or order, or to revoke the order, in accordance with the court's opinion."

It is clear that Country Belle does not deny the statutory authority to the board in establishing prices of milk, nor does there seem to be any question that the board acknowledges that sufficient evidence must be introduced into the record to support the conclusion and finding of the board that a revision of previously existing prices is necessary. But the board does challenge the argument that there must be certain evidence in the record as to each price for any one of the number, type and size of containers in which milk is sold.

This court has considered contentions and objections similar to those here concerning individual or particular prices within a newly created general price structure. In Sylvan Seal Milk, Inc. v. Pennsylvania Milk Control Commission, 77 Dauph. 204 (1961), it was stated, at page 219:

"Appellants complain of the elimination of the price by the Commission on the so-called 'twin-pack' or 'double-pack'—two quarts banded together and marked 'half-gallon' as provided in Orders A-575 and A-576. In the absence of showing some abuse of discretion, the Court should not interfere with respect to the Commission's action as to a particular price that is part of the general price structure. The relation of the particular price to the price structure is a matter for the Commission's discretion. The reason assigned by the Commission at the argument was that the price on this package was uneconomical. We do not, however, base our decision on that ground. We feel that on an extensive record such as this, where the Commission has before it the whole price structure of the industry, it must consider a particular price in relation to the whole. And a change in a particular price, or even an elimination of that price, in the light of all the testimony is not to be disturbed unless the Commission is shown to have abused its discretion."

It is observed that the record in this case is an extensive one. It contains the testimony of 27 witnesses and includes over 30 documents received in evidence over a four-day period. All matters pertaining to the marketing of milk in the Pittsburgh area were open and under consideration. Considering the nature of the hearing, the overall testimony received and the general action of the board, it cannot be said that there was any abuse of discretion by the board in establishing specific prices for milk in gallon size returnable, reusable containers. The judicial expression in the Sylvan Seal case, supra, would be controlling here.

Moreover, the record does show that there was an analysis of container costs of 29 fluid milk dealers who represented a cross section of the reasonably ef-

ficient dealers in the area. Exhibit 4, which included table 13, embraces this information (see dialogue with employe of the board, vol. I, N. T. 55, 56). Further, the record shows that there are fluid milk sales in the Pittsburgh area in glass, gallon size type of containers. On the basis of the evidence adduced from an examination of the aforementioned table 13, it was not unreasonable to find that the cost of glass containers to dealers is negligible when some assurance is made for their return. The board may take into account its knowledge of marketing conditions, recognizing a bottle deposit at the store level assures either the return of the container or the cost of the same being borne by the purchaser. On home delivery routes, the control by the employe of the dealer assures return without deposit. If this system of utilizing a reusable package diminishes or practically eliminates costs, the board could properly conclude that this economy should be passed on to the public.

The actual concern of Country Belle may perhaps be the five-cent differential in favor of milk sold in returnable, reusable plastic containers. Although the standard glass type of bottle is well known, returnable plastic bottles are not now being used in the Pittsburgh area and this differential, applicable to new plastic containers as well as glass, could conceivably serve to benefit a competitive producer who decides to use plastic. Thus, Country Belle desires evidence of the costs and availability of new machinery and equipment required for returnable plastic bottles. If the future experience shows the price fixed is not proper or unfair, the board may have to reconsider its action. But on the hearing record, which includes the exhibits and, in fact, testimony relating to costs where milk is distributed in reusable glass (see vol. III, N. T. 488-89), the board could reach a conclusion that reusable containers would permit a savings

to the consumer which should be reflected in the price.

In view of this discussion, there is no need to delve into the issue presented by the board that Country Belle does not have a standing as an aggrieved party to take this appeal.

In accordance with this opinion, we enter the following

### ORDER

And now, May 12, 1969, the appeal of Country Belle Cooperative Farmers from official general order no. A-725 is dismissed.